UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

SANDRA LONDON                        )        CIVIL ACTION NO.
    Plaintiff,                              )
                                            )        JURY TRIAL DEMANDED
v.                                               )
                                            )
THE CBE GROUP, INC.                  )
    Defendant                           )        MAY 10, 2013
_____ _____ )

<u>COMPLAINT</u>

    1.    This is a suit brought by a consumer under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* against The CBE Group, Inc ("CBE").  Plaintiff also includes pendent state law claims for CBE's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a *et seq.*

    2.    Plaintiff, Sandra London, is a consumer residing in Ridgefield, Connecticut.

    3.    CBE is an Iowa corporation, is a "debt collector" as defined by the FDCPA, and is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

    4.    Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

    5.    This Court has jurisdiction over CBE because it regularly collects debts in Connecticut.

    6.    Venue is proper because the transaction alleged herein occurred in this state.

7.      Beginning in or around March 2012, Plaintiff began to receive regular telephonic communications from CBE Group.

8.      The first time Plaintiff answered a call, she was greeted by an unidentified CBE operator (the "Operator").

9.      The Operator inquired as to whether Plaintiff was Sandra London, and Plaintiff confirmed that she was.

10.     The Operator requested that Plaintiff verify the last four digits of her social security number and address.

11.     In response, Plaintiff asked for the identity of the caller, but the Operator refused.

12.     The Operator told Plaintiff that the identity of the caller could not be provided until Plaintiff verified the requested information.

13.     The Operator failed to inform Plaintiff that the caller was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, as required by FDCPA § 1692e(11).

14.     Following this initial call, Plaintiff received numerous subsequent calls from CBE in which the CBE operators would refuse to identify the caller unless Plaintiff verified the last four digits of her social security number and address.

15.     During each of these subsequent calls, the CBE operators failed to make the disclosures required by FDCPA § 1692e(11).

16.     On at least one of the subsequent calls, Plaintiff asked a CBE operator if the communication was relating to a credit card debt.  The CBE operator refused to

2

respond until Plaintiff verified her address and the last four digits of her social security number.

17.     Through its above-described conduct, CBE violated the FDCPA in the following ways:

a.  CBE violated FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, and FDCPA as described above.  Specifically, CBE continuously demanded that Plaintiff provide identifying information without identifying itself, and refused Plaintiff's requests for identification.

b.  CBE violated FDCPA § 1692e(11) by failing to disclose in its initial oral communication with Plaintiff that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for the purpose of collecting a debt, and by failing to make such disclosures in its subsequent communications.

c.  CBE violated FDCPA § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of its identity.  Alternatively, if CBE was attempting to acquire location information concerning Plaintiff, CBE violated FDCPA 1692b(1) when its agents failed to identify CBE after the express requests of Plaintiff.

18.     CBE's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiff ascertainable losses, including, but not limited to,

deprivation of her legal rights, lost opportunities to discuss and or/ evaluate the alleged

debt with CBE and/or her attorney in connection with the debt.

**WHEREFORE**, the Plaintiff claims actual damages and statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a); attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. §42-110g.

**PLAINTIFF SANDRA LONDON**

By: /s/ Hailey R. Gallant
    Daniel S. Blinn (ct02188)
    Hailey R. Gallant (ct29150)
    Consumer Law Group, LLC
    35 Cold Spring Rd, Suite 512
    Rocky Hill, CT  06067-9997
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com
    Tel (860) 571-0408
    Fax (860) 571-7457